**Information to identify the case:**

| | | | |
|---|---|---|---|
| **Debtor 1:** | **Antero B. Gonzales Jr.** | Social Security number or ITIN: | xxx–xx–4054 |
| | First Name   Middle Name   Last Name | EIN: _ _ – _ _ _ _ _ _ _ | |
| **Debtor 2:** (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN: _ _ _ _ EIN: _ _ – _ _ _ _ _ _ _ | |
| United States Bankruptcy Court:   District of New Jersey | | Date case filed in chapter:   13   4/15/19 | |
| Case number:   19–17585–MBK | | Date case converted to chapter:   11   12/6/19 | |

## Official Form 309E (For Individuals or Joint Debtors)

## Notice of Chapter 11 Bankruptcy Case

12/15

**For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 11 plan may result in a discharge of debt. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 10 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

**Undeliverable notices will be sent by return mail to the debtor. It is the debtor's responsibility to obtain the party's correct address, resend the returned notice, and notify this office of the party's change of address. Failure to provide all parties with a copy of this notice may adversely affect the debtor as provided by the Bankruptcy Code.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Antero B. Gonzales Jr. | |
| 2. | **All other names used in the last 8 years** | aka I.M. Care of Brick and Freehold | |
| 3. | **Address** | 30 Mayberry Drive Tinton Falls, NJ 07724 | |
| 4. | **Debtor's attorney** Name and address | Bruce W. Radowitz 636 Chestnut Street Union, NJ 07083 | Contact phone  (908) 687–2333 |
| 5. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov.(800) 676–6856 | 402 East State Street Trenton, NJ 08608 Additional information may be available at the Court's Web Site: www.njb.uscourts.gov. | Hours open: 8:30 AM – 4:00 p.m., Monday – Friday (except holidays) Contact phone  609–858–9333 Date: 12/10/19 |

**For more information, see page 2 >**

Debtor  **Antero B. Gonzales Jr.**                                                    Case number **19–17585–MBK**

---

**6.  Meeting of creditors**
**Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend.**
**Creditors may attend, but are not required to do so.**
All individual debtors must provide picture identification and proof of social security number to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed.

**January 9, 2020 at 01:00 PM**

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

Location:
**Clarkson S. Fisher Federal Courthouse, 402 East State Street, Room 129, Trenton, NJ 08608–1507**

---

**7.  Deadlines**
The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines.

**File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**

**You must file a complaint:**

- if you assert that the debtor is not entitled to receive a discharge of any debts under 11 U.S.C. § 1141(d)(3) or
- if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6).

First date set for hearing on confirmation of plan. The court will send you a notice of that date later.

**Filing deadline for dischargeability complaints: 3/9/20**

**Deadline for filing proof of claim:**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form ("Official Form 410") may be obtained at www.uscourts.gov or any bankruptcy clerk's office. You may also contact the Clerk's Office where this case is pending to request that a Proof of Claim form be mailed to you. The Clerk's Office telephone number is included on the front of this Notice.

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**2/14/20**  For a governmental unit:
**6/3/20**

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing Deadline:**
30 days after the *conclusion* of the meeting of creditors

---

**8.  Creditors with a foreign address**

If you are a creditor receiving mailed notice at a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

---

**9.  Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate the debtor's business.

---

**10.  Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of a debt. See 11 U.S.C. § 1141(d). However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you believe that a particular debt owed to you should be excepted from the discharge under 11 U.S.C. § 523 (a)(2), (4), or (6), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1141 (d)(3), you must file a complaint and pay the filing fee in the clerk's office by the first date set for the hearing on confirmation of the plan. The court will send you another notice telling you of that date.

**WRITING A LETTER TO THE COURT OR THE JUDGE IS NOT A SUBSTITUTE FOR FILING AN ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OR DISCHARGEABILITY. IN NO**

**CIRCUMSTANCE WILL WRITING A LETTER PROTECT YOUR RIGHTS.**

| | |
|---|---|
| **11. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 7. |