**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

Order Filed on November 19, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-17585 (KCF) |
| ANTERO B. GONZALES, JR., | Honorable Kathryn C. Ferguson |
| Debtor. | Chapter 7 |

**REVISED ORDER GRANTING RELIEF SOUGHT IN CHAPTER 7 TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER APPROVING THE SALE OF THE ESTATE'S INTEREST IN CERTAIN REAL PROPERTY AT 246 SOUTH STREET, FREEHOLD TOWNSHIP, NEW JERSEY 07728 TO COMPOUND PROPERTIES, LLC, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. §§ 105(a), 323(a) AND 363(b), (f) AND (m), AND 541; WAIVING THE FOURTEEN DAY STAY PROVIDED BY F.R.B.P. 6004; CONFIRMING THE REJECTION OF CERTAIN INFORMAL LEASE AGREEMENTS PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a); AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**.

**DATED: November 19, 2020**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Revised Order Granting relief sought in Chapter 7 Trustee's Motion Seeking Entry of an Order Approving the Sale of the Estate's Interest in Certain Real Property at 246 South Street, Freehold Township, New Jersey 07728 to Compound Properties, LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving the Fourteen Day Stay Provided By F.R.B.P. 6004; Confirming the Rejection of Certain Informal Lease Agreements Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Granting Related Relief |

**UPON** the Motion[1] of John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estate of Antero B. Gonzales, Jr.[2], the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, and the verified application (the "Application") filed in support of the Motion[3], seeking entry of an order (i) authorizing the sale of the estate's interest in certain real property located at 246 South Street, Freehold Township, New Jersey 07728 (the "Freehold Property") to 246 South Street, LLC (the "First Bidder"), the previously proposed buyer, free and clear of all liens, claims, interests, and encumbrances, of the estate's interest in the Freehold Property, (ii) granting related relief all pursuant to sections 105(a), 323(a), 363(b), (f) and (m), and 541(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) confirming the rejection of certain informal rental/lease agreements, pursuant to sections 105 and 365 of the Bankruptcy Code, and (iii) granting related relief; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors, (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, and (v) upon the record herein, following a hearing, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein;

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Application.
[2] A/K/A I.M. Care of Brick and Freehold.
[3] See Docket Nos. 111 and 124.

(Page 3)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Revised Order Granting relief sought in Chapter 7 Trustee's Motion Seeking Entry of an Order Approving the Sale of the Estate's Interest in Certain Real Property at 246 South Street, Freehold Township, New Jersey 07728 to Compound Properties, LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving the Fourteen Day Stay Provided By F.R.B.P. 6004; Confirming the Rejection of Certain Informal Lease Agreements Pursuant to 11 U.S.C. §§ 105(a) and 365(a) and Granting Related Relief |

**IT IS HEREBY ORDERED** that:

1.     The Trustee's Motion be and hereby is granted in its entirety, subject to the express terms of this Order.  The terms of this Order will prevail where there is a conflict between the Motion and this Order.

2.     Following a hearing on the Trustee's Motion, Compound Properties, LLC or its successors and/or assigns (the "Buyer"), submitted a competing and higher and better offer as compared to the First Bidder.

3.     The agreement of sale (the "Agreement of Sale"), attached hereto as **Exhibit "1"** to this Order, be and hereby is approved in its entirety.

4.     The Trustee be and hereby is authorized to sell the estate's interest in the Freehold Property to Buyer, for the aggregate sum of $285,000[4] for the entire Freehold Property, free and clear of all liens, claims, interests, and encumbrances, pursuant to section 363(b), (f) and (m) of the Bankruptcy Code (the "Sale").

5.     The Trustee is selling the estate's interest in the Freehold Property is "AS IS" and "WHERE IS" with no representations and/or warranties, including, but not limited to, any representation of any kind as to the condition or title.

6.     The Sale as set forth above shall be defined as the "Transaction" herein.

7.     The stay provisions under Bankruptcy Rule 6004 be and hereby are waived and therefore not applicable to this Sale.

(Page 4)

Debtor:            Antero B. Gonzales, Jr.

Case No.:          19-17585 (KCF)

Caption of Order:  Revised Order Granting relief sought in Chapter 7 Trustee's Motion Seeking Entry of an Order Approving
                   the Sale of the Estate's Interest in Certain Real Property at 246 South Street, Freehold Township, New Jersey
                   07728 to Compound Properties, LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances,
                   Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving the Fourteen Day Stay
                   Provided By F.R.B.P. 6004; Confirming the Rejection of Certain Informal Lease Agreements Pursuant to 11
                   U.S.C. §§ 105(a) and 365(a)  and Granting Related Relief

8.      The Trustee is authorized to execute any and all documents necessary to effectuate the Transaction set forth herein, including, without limitation, a trustee's deed to convey the estate's interest in the Freehold Property.

9.      The Buyer is deemed to be good faith purchasers pursuant to 11 U.S.C. § 363(m).

10.     The Transaction was negotiated, proposed, and entered into by the parties without collusion, in good faith, and arms length bargaining position.

11.     The sale of the estate's interest in the Freehold Property is in the best interests of the creditors and the estate.

12.     The closing shall take place in accordance with the terms of the Agreement of Sale. At the closing of the Sale, the Trustee shall make payment of all necessary closing costs, commission, taxes and fees allocable and in connection with the Sale from the gross sale proceeds.  It is hereby recognized that the Trustee will direct the real estate closing agent, at the time of closing, to forward the outstanding amount of monies owed to satisfy the secured claim held on the Freehold Property by the Internal Revenue Service in the total and fixed amount of $93,935.30 (as reflected in Proof of Claim No. 2) by making a check payable to the "United States Treasury" and sending the check as follows Internal Revenue Service, 955 S Springfield Ave, BLDG A 2nd Floor, Springfield, New Jersey 07081, Attn: Insolvency Unit – De Vere Okafor.  It is hereby further recognized that the Trustee will direct the real estate closing agent, at the time of closing, to forward the outstanding amount of monies owed to satisfy the secured

_____

[4] This sale amount reflects the entire gross sale price of the Freehold Property.

(Page 5)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Revised Order Granting relief sought in Chapter 7 Trustee's Motion Seeking Entry of an Order Approving the Sale of the Estate's Interest in Certain Real Property at 246 South Street, Freehold Township, New Jersey 07728 to Compound Properties, LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving the Fourteen Day Stay Provided By F.R.B.P. 6004; Confirming the Rejection of Certain Informal Lease Agreements Pursuant to 11 U.S.C. §§ 105(a) and 365(a)  and Granting Related Relief |

claim held on the Freehold Property by the State of New Jersey Division of Taxation Bankruptcy Section in the total and fixed amount of $1,026.04 (as reflected in Proof of Claim No. 3) (the "Taxation Claim No. 3") and the New Jersey Department of Labor and Workplace Development (as reflected in Proof of Claim No. 1) in the total and fixed amount of $16,779.66 (the "Labor Claim No. 1").  The Taxation Claim No. 3 will be paid by making a check payable to "New Jersey Division of Taxation" and mailing the check as follows: N.J. Division of Taxation – Bankruptcy Unit, P.O. Box 245, Trenton, NJ 08625-0245, Attn:  Victoria D. Wright. The Labor Claim No. 1 will be paid by making a check payable to "New Jersey Dept. of Labor-Employer Accounts" and mailing the check as follows: NJ Department of Labor and Workforce Development Division of Employer Accounts, P.O. Box 379 Trenton, NJ 08625-0379, Attn: Barry R. LaFranco.

13.    At closing of the Sale, all valid liens, claims or encumbrances against the Freehold Property shall attach to the proceeds of the Sale.

14.    The Debtor is directed to cooperate with the Trustee and to execute any and all documents necessary to effectuate the sale to the Buyer.

15.    The Trustee will serve this Order on the Buyer, the First Bidder, the Informal Tenants, the United States Trustee's Office, counsel to the Debtor, and all parties who have filed a notice of appearance in this case, within seven (7) days of the entry of this Order.

16.    The Trustee is authorized to, and hereby does, reject any lease/rental agreements with Informal Tenants pursuant to 11 U.S.C. §§ 105(a) and 365.

(Page 6)

Debtor:           Antero B. Gonzales, Jr.

Case No.:         19-17585 (KCF)

Caption of Order:  Revised Order Granting relief sought in Chapter 7 Trustee's Motion Seeking Entry of an Order Approving
the Sale of the Estate's Interest in Certain Real Property at 246 South Street, Freehold Township, New Jersey
07728 to Compound Properties, LLC, Free and Clear of All Liens, Claims, Interests, and Encumbrances,
Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving the Fourteen Day Stay
Provided By F.R.B.P. 6004; Confirming the Rejection of Certain Informal Lease Agreements Pursuant to 11
U.S.C. §§ 105(a) and 365(a)  and Granting Related Relief

17.    Any lease/rental agreements with the Informal Tenants as to the Freehold Property
shall be deemed terminated and rejected.

18.    The Informal Tenants (including, but not limited to, the Debtor) who maybe be
living and/or operating a business at the Freehold Property, and any other parties living and/or
operating a commercial business at the Freehold Property shall leave the property in "broom
clean" condition on the closing date.

19.    The Informal Tenants (including, but not limited to, the Debtor), and any other
parties living and/or operating a business at the Freehold Property shall remove their personal
assets and belongings before the closing date.

20.    The Informal Tenants (including, but not limited to, the Debtor), and any other
parties living and/or operating a business at the Freehold Property shall vacate the Freehold
Property before the closing date unless otherwise directed by the Buyer.

21.    The closing of title shall take place within sixty (60) days of the entering of this
Order.

22.    The Court shall retain exclusive jurisdiction with respect to any and all issues
relating to the enforcement of this Order.

# Exhibit "1"

AGREEMENT

THIS AGREEMENT, made the 10th day of November, 2020, by and between John McDonnell, not individually or personally, but as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Antero B. Gonzales, Jr., with and address at 115 Maple Avenue, Red Bank, New Jersey

hereinafter referred to as the "Seller"; and Compound Properties, LLC

OR ENTITY TO BE FORMED, located at 206 Westfield Avenue, Clark, New Jersey 07066.

hereinafter referred to as the "Purchaser" or the "Buyer".

WITNESSETH:

The parties mutually covenant and agree to and with each other as follows:

1.  PREMISES.

A.  The Seller agrees to sell and convey, and the Purchasers agree to purchase, all those certain lots, tracts, parcels of land, situate, lying and being in the 246 South Street, Freehold Township, New Jersey 07728 described generally as commercial land located in Block 52, Lot 2 on the Tax and Assessment Maps of the Township of Freehold, County of Monmouth and State of New Jersey commonly known as Freehold, New Jersey.

2.  PURCHASE PRICE.

A.  It is mutually agreed that the purchase price for the above premises is $285,000

B.  The purchase price is to be paid as follows:

   1.  Upon acceptance of this agreement by check subject
   to collection, the receipt of which is hereby acknowledged,
   which sum shall be deposited with Trustee

                                          $150,000.00

   2.  At the closing, by cash or certified check,
   cashier's check, or attorney's trust check.
                            Total         $135,000.00
                                          $285,000.00

3.  ADJUSTMENTS.

A.  All adjustments, including real estate taxes and rents, shall be adjusted, apportioned, and allowed as of the date of closing of title and delivery of deed.

B.  The apportionment shall be as follows:

1

(1) Taxes, sewer and water rents, if any, on the basis of the fiscal year for which assessed.

C. If the closing of title shall occur before the tax rate is fixed, the apportionment of taxes shall be upon the basis of the existing tax rate applied to the latest assessed valuation or the parties shall adjust and apportion taxes based upon the best available information furnished by the tax assessor's office.

4. REPRESENTATIONS.

A. The Seller makes no representations as to the use permitted by any applicable zoning ordinance, building code or other law. The Purchaser will obtain and pay for all inspections required by law, including, but not limited to any municipal "certificate of occupancy/code compliance".

B. The Seller has no knowledge that no use of the property has been made which would be volatile of the Industrial Site Recovery Act.

C. The Seller has no knowledge whether or not the property is located in a flood zone.

D. The Seller has no knowledge whether or not there are underground oil and/or storage tanks located on the premises which Seller agrees to remove and remediate.

E. The Seller has no knowledge whether or not the Seller, or prior owner, or current or prior tenant or other occupant of all or any part of the premises have not used hazardous materials, hereby defined as any pollutant, contaminant, chemical or industrial or toxic substance, or waste, petroleum products, asbestos, urea formaldehyde, radon, polychlorinated biphenylis, flammable explosives, nuclear radicactive fuel or waste, or any other substance, waste, material, substance, pollutant or contaminant that may cause damage to human health or the environment, safety or real property and/or any substance for which the generation, manufacture, storage, treatment, spills, or release is prohibited or regulated under any environmental law ("Hazardous Materials"). Based upon information and belief, the Property has been used as medical office for a doctor.

F. The sale of the Seller's rights, title, and interest in the property is "AS IS" and "WHERE IS" and without any warranties, express or implied, or representation of the Seller including, without limitation, the environmental condition of the property. The Purchaser shall be responsible, at its sole cost and expense, to obtain necessary governmental certificates or

2

approvals, if any, including, but not limited to, environmental certificates that might be necessary to convey the property to the Purchaser and to cure any violations which exist or may exist at the property.

5.  ASSESSMENTS.

If, at the time of the signing of the contract, the premises or any part thereof shall be or shall have been affected by an assessment or assessments, which are, or may become, payable in annual installments of which the first installment is then due or has been paid, then, for the purposes of this agreement, all the unpaid installments of any such assessment, including those which are to become due and payable after the delivery of the Deed, shall be deemed due and payable and to be liens upon the premises affected thereby and shall be paid and discharged by the Seller thereof, upon the delivery of the Deed.   The Seller represents to the best of his knowledge there are no assessments nor is any work planned which would give rise to an assessment.

6.  CLOSING OF TITLE.

A.  Unless otherwise mutually agreed to between the Buyer and the Seller, the closing of title to the subject premises shall be held at the offices of Hiering, Dupignac, Stanzione & Dunn, PC, 236 Washington Street, Second Floor, Toms River, New Jersey 08753 on or about fourteen (14) days after the entry of an Order approving of the proposed sale by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

B.  The Deed shall be a Trustee's Deed, which will convey all the bankruptcy estate's interest in the Property.  As part of the motion seeking approval of the sale from the Bankruptcy Court will seek entry of an order at provides that the sale of the estate's interest in the property is made free and clear of all liens, claims, interests, and encumbrances, of the estate's interest in the Property, pursuant to section 363 of the Bankruptcy Code.

C.  If, on the date of closing, there may be any other liens or encumbrances which the Seller is obligated to pay and discharge, the Seller may use any portion of the balance of the purchase price to satisfy the same, provided the Seller shall simultaneously either deliver to the Purchaser at the closing of Title, instruments in recordable form and sufficient to satisfy such liens and encumbrances of record, together with the cost of recording or filing said instruments; or, provided that the Seller has made arrangements with the title company employed by the Purchaser, in advance of closing, to the end that Seller will deposit with said company sufficient monies,

3

acceptable to and required by it to insure obtaining and the recording of such satisfactions and the issuance of title insurance to the Purchaser free of any such liens and encumbrances. The existence of any such taxes or other liens and encumbrances shall not be deemed objections to title if the Seller shall comply with the foregoing requirements.

      D.  It is expressly understood and agreed that the title to the land and premises hereby agreed to be conveyed is not derived from adverse or color of title possession.

      E.  This contract is not contingent upon the Buyer selling its/his/her present home and/or the Buyer does not have to sell any home/real property in order to complete this transaction.

      F.    Title to the property to be delivered hereunder shall be good and marketable, such as will be insurable by Buyer's title insurance company licensed to do business in New Jersey, at regular rates, subject to the following: (a) the usual printed title exceptions, stipulations and conditions appearing in standard title insurance policies of title insurance companies doing business in New Jersey; (b) subject to zoning ordinances and other governmental regulations affecting the land and its use; (c) restrictions and easements of record, if any, (provided that same do not prevent the contemplated use of the property; (d) such facts as an accurate survey would disclose; (e) unpaid real estate taxes for the year not yet due and owing at the time of closing.

The Buyer shall deliver a copy of the Title Commitment to the Seller within twenty (20) days from final acceptance of this contract, together with a separate written notice (the "Notice") either that (i) the Commitment is satisfactory to the Buyer, or (ii) setting forth the title exceptions in the Commitment. If Buyer serves the Notice setting forth defects in Seller's title (other than the Permitted Exceptions), the Seller shall, within thirty (30) days after the delivery of the Notice, use its best efforts to correct such defects in the title shown on the Commitment and identified in the Notice which the Buyer shall not have expressly waived in writing. In the alternative furnish the agreement of the Title Company to insure the Land without such defects in title in accordance with the requirements hereof constituting conclusive evidence of satisfaction of the title requirements of this Agreement. If the Seller is unable to remove such defects in title by either of the foregoing methods within said thirty (30) day period or agreed upon extensions, the Buyer may either (i) cancel and terminate this Agreement by written notice to the Seller, in which event, the Purchaser's attorney shall, within three (3) days of such termination notice, return the deposit, together with accrued interest, if any, reimburse the Purchaser for the cost of the Title search and

4

survey and neither party shall have any further liability to the other following the return of the

Deposit, or (ii) waive the existence of such defects in title and accepts such title as Seller is able

to deliver without any reduction or abatement in the Purchase Price on account of said waiver.

7.  RISK OF LOSS.

    The risk of loss or damage to said premises by fire or otherwise until the delivery

of said Trustee's Deed is assumed by the Seller.

8.  NOTICE.

    A.  Whenever notice is required to be given under any of the terms of the within

Agreement, the terms of such notice shall be deemed to be satisfied by service of such notice

personally, or by certified mail (return receipt requested), as follows:

UPON SELLER:

and his attorney,

    John McDonnell, Esq.
    115 Maple Avenue
    Red Bank, New Jersey 07701

    -AND-

    Brian Crowley, Esq.
    115 Maple Avenue
    Red Bank, New Jersey 07701

UPON PURCHASER:

and its attorney,

    Mr. Rudy Daunno III
    206 Westfield Ave,
    Clark NJ 07066

    -AND-

    Michael R. Stanzione, Esq.
    236 Washington Street
    Toms River, NJ 08753

    B.  It is expressly understood that whenever notice shall be required under the
terms of the within Agreement, same shall not be less than ten (10) days, except as otherwise
provided herein.

9.  CONTINGENCIES.

    Purchaser's obligation to close title hereunder is contingent upon satisfaction of the

following contingencies:

    A.  Title shall be as set forth in Paragraph 6 hereof.

5

B.      Approval of the proposed sale by the Bankruptcy Code.

C.      Property to be vacant and free of tenants at the time of closing, subject to the following:

Purchaser reserves the right to discuss lease options with the Tenants in the building on the Property.  The Purchaser shall notify the Seller five (5) days after the execution of this agreement. If Tenants have not vacated then closing of title shall be continued until such time as the property is vacant unless otherwise mutually agreed to between the Purchase and the Seller.

10.  ASSIGNMENT:

The Purchaser shall not have the right to assign this contract without the written consent of the Seller, other than an entity formed by the purchaser or another entity whose principles are the same or a majority of the Purchaser.

11.  USE AND OCCUPATION, AND GENERAL CONDITIONS.

A.  This Agreement is entered into with the Purchaser's full knowledge as to the value of the land and not upon any representations as to the value, character, quality or condition thereof, other than as may be expressly provided herein.

B.  It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this Agreement, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this Agreement, made by the other.

C.  This Agreement may not be changed or terminated orally, and all the provisions of same shall apply to and bind the heirs, executors, administrators, and successors of the respective parties.

6

    D.  This Agreement shall not be recorded in any office of public record, expect that a copy of this Agreement will be filed with the Bankruptcy Court as part of motion to approval the proposed sale.

    E.  This Agreement was drafted by all the Seller and the Purchaser, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable

    F.  This Agreement shall be construed, and the rights and liabilities of the parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

    G.  The Bankruptcy Court shall retain jurisdiction over the terms and conditions of this Agreement, and any and all disputes, claims or actions based upon this Agreement, shall be heard exclusively by the Bankruptcy Court.

    12.  COMMISSION.

    The Seller shall be responsible for the payment of any real estate commission pursuant to a separate agreement between them payable at the time of closing.

    IN WITNESS WHEREOF, the parties have hereunto set their hands and seals, or caused these presents to be signed by their proper corporate officers and their corporate officers and their corporate seal to be hereto affixed, the day and year first above written.

WITNESS:                                                SELLER:

_____              _____
Brian T. Crowley                              John M. McDonnell, not individually
Attorney at Law                               of personally, but as chapter 7 trustee for the
State of New Jersey                          estate of Antero B. Gonzales, Jr, the chapter 7 debtor

ATTEST:                                              PURCHASER:

_____              _____
Sabrina Pehlmann                            Israel Lindner
Ocean County – NJ                          Managing Member
Exp. 2/14/2022                                 Compound Properties, LLC

7