UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:                                                          Case No.: 19-17585 (KCF)

ANTERO B. GONZALES, JR.

Chapter: __7_____

Judge: Kathryn C. Ferguson_____

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

John M. McDonnell_____, Chapter 7 Trustee_____, in this case proposes a compromise, or to settle a claim and/or action as described below. If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

| Address of the Clerk: | United States Bankruptcy Court<br>Office of the Clerk Clarkson S. Fisher<br>US Courthouse 402 East State<br>StreetTrenton, NJ 08608 |
|---|---|

If an objection is filed, a hearing will be held before the Honorable Kathryn C. Ferguson on January 12, 2021 at 10 a.m. at the United States Bankruptcy Court, courtroom no. 2, U.S. Bankruptcy Court 402 E. State Street, Trenton, NJ (hearing to be scheduled for at least 28 days from the date of the filing of the notice). If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

| Nature of action: | Trustee's disposition of estate property and potential estate claims. |
|---|---|

Pertinent terms of settlement:

Following good faith negotiations, John M. McDonnell, not individually or personally but as the chapter 7 trustee (the "Trustee") for the estate for Antero B. Gonzales, Jr., the chapter 7 debtor (the "Debtor" and together with the Trustee, the "Parties"), in the above captioned case, and the Debtor desire to settle certain claims the Trustee asserts against the Debtor, to avoid further costs of litigation on the terms set forth in a Stipulation and Consent Order (as defined below).

A mutually agreed to proposed stipulation and consent order (the "Stipulation and Consent Order"), will be submitted to the Court upon a Certificate of No Objection being issued by the Clerk of the Court to this Notice and is available upon request  Based upon information and belief:

**General Case Background**

On April 15, 2019 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 13 o of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  On December 6, 2019, the Bankruptcy Court entered an Order converting these proceedings from one under chapter 13 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code.  On March 27, 2020, the Bankruptcy Court entered an Order directing the appointment of a chapter 11 trustee.   On March 31, 2020, John Michael McDonnell was appointed the chapter 11 trustee.  On May 6, 2020, the chapter 11 trustee filed his motion to convert these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.  On June 12, 2020 (the "Conversion Date"), the Bankruptcy Court entered an Order converting these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.  On June 16, 2020, John M. McDonnell, Esq. was appointed the chapter 7 trustee for the Debtor, has duly qualified and is acting in that capacity.  The 341(a) meeting (the "341 Meeting") of creditors was held on July 13, 2020, following an adjournment.

**The Freehold Properties and the Bankruptcy Estate Interest Claim**

On the Debtor's Schedule "A/B" to the Petition, the Debtor lists an ownership interest in certain personal property described as an "Agreement with Eduardo Vidal to acquire Two parcels of real property in Freehold, NJ. Debtor is making payments and will acquire ownership after $60,000.00 is paid for each property[]" (the "Bankruptcy Estate Interest Claim") with an "unknown" value.  Based upon information and belief, the basis that forms the Bankruptcy Estate Interest Claim is a pre-petition agreement on or around May 2015 (the "Vidal Agreement"), for Debtor to purchase the ownership interest of Eduardo Vidal ("Eduardo") and Emily Vidal ("Emily") in certain properties located at 52-54 Lincoln Place and 56-58 Lincoln Place both in the Borough of Freehold, in the Country of Monmouth and State of New Jersey (collectively the "Freehold Properties") over a period of approximately ten (10) years.  Based upon further information and belief, title of the Freehold Properties remains in the name of Eduardo and Emily and would pass to the Debtor if he made the payments required under the Vidal Agreement were paid by Eduardo and Emily.  Pursuant to sections 105, 541, and 542 of the Bankruptcy Code and other applicable law, the Trustee has asserted the estate's ownership interest in the Bankruptcy Estate Interest Claim and the Freehold Properties.  Based upon information and belief, Eduardo has passed away and Emily is the executor/executrix of Eduardo's estate.  Based upon further information and belief, title to the Freehold Properties remaining titled Eduardo and Emily.

**The South Street Freehold Property**

On Schedule "A/B" to the Petition the Debtor also lists an ownership interest in the certain real property at 246 South Street, Freehold Township, New Jersey 07728 (the "South Street Freehold Property"). As reflected on Schedule "C" of the Petition the Debtor does not claim an exemption as to the South Street Freehold Property. On November 19, 2020, the Bankruptcy Court entered an order approving the sale of the South Street Freehold Property (the "Sale Order"). The Debtor did not file any timely opposition to the Trustee's motion to sell the South Street Freehold Property.

**Possible Claims of the Estate under Section 727 of the Bankruptcy Code**

On November 11, 2020, the Trustee filed his motion to approve a second consent order extending the time for the Trustee and/or the United States Trustee to object to the Debtor's discharge (the "Motion to Extend"), pursuant to sections 105 and 727 of the Bankruptcy Code, and the Rule 4004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Trustee asserts, the Trustee's Motion to Extend contains a more complete background as to the issues and factual background of this case and is expressly incorporated herein for reference as to the Trustee's position. Based upon information and belief, the Debtor denies some of the Trustee's assertions in the Stipulation and Consent Order and the possible allegations made against him in the Motion to Extend and opposes the sale of the Freehold Properties and/or the Bankruptcy Estate Interest Claim. The Parties have reached a proposed agreement on the resolution of certain limited issues, including, the disposition of the Freehold Properties, the Bankruptcy Estate Interest Claim, the Debtor's exemptions, specifically the Debtor waives any and all exemptions as to the South Street Freehold Property, and potential claims under section 727 of the Bankruptcy Code.

**Summary of Proposed Settlement**

Following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation.

The Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date"). The Debtor shall pay to the Trustee the sum of $35,000 (the "Settlement Funds") by December 10, 2020 (the "Settlement Payment Deadline").

The Parties exchange certain waivers.

The Debtor does expressly and unconditionally waives any and all rights and/or claims to, and/or any right to claim as exempt, any interest in the South Street Freehold Property, the Settlement Funds, the Bankruptcy Estate Interest Claim, the Freehold Properties, any proceeds derived from the sale therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003. The Debtor does further expressly and unconditionally waives any and all rights to file any amendments to Schedule "C" to the Petition to claim any new property and/or assets (not previously claimed as exempt) as exempt under any applicable law, including, but not limited to, sections 105 and/or 522 of the Bankruptcy Code and/or Bankruptcy Procedure 4003. The Debtor does expressly and unconditionally waives any and all rights and/or claims to, and/or any right to claim as exempt, the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Bankruptcy Procedure 4003. The Debtor does expressly and unconditionally waives any and all rights and/or claims to the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including. The Trustee shall retain the Settlement Funds for the benefit of the estate's

creditors. The Settlement Funds shall be deemed property of the estate. The Debtor consents to the sale of the South Street Freehold Property and agrees to cooperate in the sale process and adhere to the terms of the Sale Order.

The Debtor unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharge with prejudice, any scheduled claim, secured claim, administrative claim, any proof of claim, or any claim of any type whatsoever against the estate, the Settlement Funds, the Trustee, the Trustee's professionals.

Upon entry of an order by the Bankruptcy Court approving the Stipulation and Consent Order, and the performance of all obligations under the Stipulation and Consent Order by the Debtor, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, releases and forever discharges, the Debtor, from any and all claims as it is related to the Freehold Properties, the Bankruptcy Estate Interest Claim and/or any potential claims and/or causes of action under section 727 of the Bankruptcy Code. Upon entry of an order by Bankruptcy Court approving the Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, for true consideration as noted herein, abandons back all the estate's rights, titles, ownership, and interests in the Bankruptcy Estate Interest Claim to the Debtor. To the extent any transfer of interest by the estate in the Bankruptcy Estate Interest Claim and/or the Freehold Properties is considered a transfer of interest, property or otherwise to the Debtor, such transfer by the Trustee is essentially "as is, where is", with the Trustee making no warranties and/or representations of any kind as to the Freehold Properties and/or the Bankruptcy Estate Interest Claim. The Debtor also takes any such interest in the Freehold Properties and/or the Bankruptcy Estate Interest Claim, subject to all valid liens, claims, interests, and encumbrances.

The Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against third parties and/or any parties not a signatory to the Stipulation and Consent Order.

The Trustee, in his business judgment, believes that such settlement is in the best interest of the estate and its creditors because such payment may produce a distribution to unsecured creditors, without the uncertainty and length of potential litigation.

Objections must be served on, and requests for additional information directed to:

Name:              McDonnell Crowley, LLC
Address:           115 Maple Ave., Red Bank, NJ 07701
Telephone No.:     (732)383-7233

*rev.8/1/15*

United States Bankruptcy Court
District of New Jersey

In re:  
Antero B. Gonzales, Jr.  
  Debtor(s)

Case No. 19-17585-KCF  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 2  
Date Rcvd: Dec 10, 2020 Form ID: pdf905 Total Noticed: 18

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++    Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 12, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Antero B. Gonzales, Jr., 30 Mayberry Drive, Tinton Falls, NJ 07724-9739 |
| aty | + | Michael R Stanzione, Hiering, Dupignac, Stanzione & Dunn, P.C, 236 Washington Street, Toms River, NJ 08753-7585 |
| r | + | Amelita Faelnar, Heritage House Sotheby's Intl Realty, 1020 Highway #35, Middletown, NJ 07748-2604 |
| acc | + | Bederson, LLP, 347 Mt. Pleasant Avenue, West Orange, NJ 07052-2749 |
| cr | + | National Loan Investors, LP, Dembo, Brown & Burns LLP, 1300 Route 73, Suite 205, Mount Laurel, NJ 08054-2200 |
| cr | + | New Jersey Department of Labor, Division of Employ, 1 John Fitch Plaza, P.O. Box 951, Trenton, NJ 08611-1760 |
| r | + | Ruggeri Realty, LLC, Attn: Vivian Ruggeri, 1801 Boulevard, Seaside Park, NJ 08752-1210 |
| 518182787 | | Amalgamated Real Estate Management, c/o Ocwen Loan Servicing, PO Box 24781, West Palm Beach, FL 33416-4781 |
| 518317787 | + | MTGLQ Investors, LP, c/o Rushmore Loan Management Services, P.O. Box 55004, Irvine, CA 92619-5004 |
| 518204031 | | NJ Dept. of Labor and Workforce Development, Div. of Employer Accounts, PO Box 379, Trenton, New Jersey 08625-0379 |
| 518182790 | | National Loan Investors, LP, 5619 N. Classen Blvd, Oklahoma City, OK 73118-4015 |
| 518307552 | + | National Loan Investors, LP, c/o Dembo, Brown & Burns LLP, 1300 Route 73, Suite 205, Mt. Laurel, NJ 08054-2200 |
| 518230463 | ++ | STATE OF NEW JERSEY, DIVISION OF TAXATION BANKRUPTCY UNIT, PO BOX 245, TRENTON NJ 08646-0245 address filed with court:, State of New Jersey, Department of Treasury, Division of Taxation, P.O. Box 245, Trenton, NJ 08695-0245 |
| 518244685 | | State of New Jersey, Div. of Employer Accounts, PO Box 379, Trenton, NJ 08625-0379 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Dec 10 2020 22:23:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Dec 10 2020 22:23:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| cr | | Email/Text: sbse.cio.bnc.mail@irs.gov | Dec 10 2020 22:22:00 | United States of America (Internal Revenue Service, U.S. Attorneys Office, 970 Broad Street, Suite 700, Newark, NJ 07102-2535 |
| 518931031 | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Dec 10 2020 22:23:00 | United States Trustee, One Newark Center, Suite 2100, Newark, NJ 07102-5235 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 518183277 | | Eduardo Vidal, Aqua Lane, Barnaget, NJ |
| 518182788 | * | Internal Revenue Service, Po Box 7346, Philadelphia, PA 19101-7346 |
| 518182789 | * | Internal Revenue Service, Po Box 7346, Philadelphia, PA 19101-7346 |
| 518182791 | *P++ | STATE OF NEW JERSEY, DIVISION OF TAXATION BANKRUPTCY UNIT, PO BOX 245, TRENTON NJ 08646-0245, address filed with court:, State of New Jersey, Divison of Taxation, PO Box 245, Trenton, NJ 08695 |
| 518182792 | *P++ | STATE OF NEW JERSEY, DIVISION OF TAXATION BANKRUPTCY UNIT, PO BOX 245, TRENTON NJ 08646-0245, address filed with court:, State of New Jersey, Divison of Taxation, PO Box 245, Trenton, NJ 08695 |

District/off: 0312-3      User: admin      Page 2 of 2
Date Rcvd: Dec 10, 2020      Form ID: pdf905      Total Noticed: 18

TOTAL: 1 Undeliverable, 4 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 12, 2020      Signature:      /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Thomas Crowley | on behalf of Trustee John Michael McDonnell bcrowley@mchfirm.com  bcrowley@mcdonnellcrowley.com |
| Denise E. Carlon | on behalf of Creditor MTGLQ Investors  LP dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Eamonn O'Hagan | on behalf of Creditor United States of America (Internal Revenue Service) eamonn.ohagan@usdoj.gov |
| John Michael McDonnell | on behalf of Trustee John Michael McDonnell jmcdonnell@mchfirm.com  NJ95@ecfcbis.com,bcrowley@mchfirm.com |
| John Michael McDonnell | jmcdonnell@mchfirm.com  NJ95@ecfcbis.com,bcrowley@mchfirm.com |
| Kyle Francis Eingorn | on behalf of Creditor National Loan Investors  LP keingorn@dbblegal.com |
| Margaret Mcgee | on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov |
| Peter Broege | on behalf of Debtor Antero B. Gonzales  Jr. pbroege@bnfsbankruptcy.com, G1580@notify.cincompass.com |
| Rebecca Ann Solarz | on behalf of Creditor MTGLQ Investors  LP rsolarz@kmllawgroup.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| United States Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| Valerie A. Hamilton | on behalf of Creditor New Jersey Department of Labor  Division of Employer Accounts, Bankruptcy Unit Valerie.Hamilton@law.njoag.gov |
| Valerie A. Hamilton | on behalf of Creditor New Jersey Division of Taxation Valerie.Hamilton@law.njoag.gov |

TOTAL: 13