**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel for John M. McDonnell,*
*Chapter 7 Trustee*

**Order Filed on January 6, 2021**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-17585 (KCF) |
| ANTERO B. GONZALES, JR., | Honorable Kathryn C. Ferguson |
| Debtor. | Chapter 7 |

## STIPULATION AND CONSENT ORDER

The relief set forth on the following page, numbered two (2) through sixteen (16), is

hereby **ORDERED**.

**DATED: January 6, 2021**

_____

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

Debtor:           Antero B. Gonzales, Jr.

Case No.:         19-17585 (KCF)

Caption of Order:  Stipulation and Consent Order

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of Antero B. Gonzales, Jr.[1], the chapter 7 debtor (the "Debtor" and together with the Trustee the "Parties"), by and through his counsel, McDonnell Crowley, LLC, and the Debtor, through his counsel, Broege, Nuemann, Fischer & Shaver, LLC. The Parties hereby stipulate and agree as follows:

**General Case Background**

WHEREAS, on April 15, 2019 (the "Petition Date"), the Debtor filed his voluntary petition (the "Petition") for relief under chapter 13 o of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Docket No. 1; and

WHEREAS, on December 6, 2019, the Bankruptcy Court entered an Order converting these proceedings from one under chapter 13 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code. *See* Docket No. 49; and

WHEREAS, on March 27, 2020, the Bankruptcy Court entered an Order directing the appointment of a chapter 11 trustee. *See* Docket No. 39; and

WHEREAS, on March 31, 2020, John Michael McDonnell was appointed the chapter 11 trustee. *See* Docket No. 67; and

---

[1] A/K/A I.M. Care of Brick and Freehold.

(Page 3)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

WHEREAS, on May 6, 2020, the chapter 11 trustee filed his motion to convert these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code. *See* Docket No. 78; and

WHEREAS, on June 12, 2020 (the "Conversion Date"), the Bankruptcy Court entered an Order converting these proceedings from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code. *See* Docket No. 84; and

WHEREAS, on June 16, 2020, John M. McDonnell, Esq. was appointed the chapter 7 trustee for the Debtor, has duly qualified and is acting in that capacity. *See* Docket Nos. 85 and 86; and

WHEREAS, the 341(a) meeting (the "341 Meeting") of creditors was held on July 13, 2020, following an adjournment. *See* Docket *generally*; and

**The Freehold Properties and the Bankruptcy Estate Interest Claim**

WHEREAS, on the Debtor's Schedule "A/B" to the Petition, the Debtor lists an ownership interest in certain personal property described as an "Agreement with Eduardo Vidal to acquire Two parcels of real property in Freehold, NJ. Debtor is making payments and will acquire ownership after $60,000.00 is paid for each property[]" (the "Bankruptcy Estate Interest Claim") with an "unknown" value. *See* Docket No. 1; and

WHEREAS, based upon information and belief, the basis that forms the Bankruptcy Estate Interest Claim is a pre-petition agreement on or around May 2015 (the "Vidal Agreement"), for Debtor to purchase the ownership interest of Eduardo Vidal ("Eduardo") and Emily Vidal ("Emily") in certain properties located at 52-54 Lincoln Place and 56-58 Lincoln

(Page 4)

Debtor:         Antero B. Gonzales, Jr.

Case No.:       19-17585 (KCF)

Caption of Order:    Stipulation and Consent Order

---

Place both in the Borough of Freehold, in the Country of Monmouth and State of New Jersey (collectively the "Freehold Properties") over a period of approximately ten (10) years. Based upon further information and belief, title of the Freehold Properties remains in the name of Eduardo and Emily and would pass to the Debtor if he made the payments required under the Vidal Agreement were paid by Eduardo and Emily; and

WHEREAS, pursuant to sections 105, 541, and 542 of the Bankruptcy Code and other applicable law, the Trustee has asserted the estate's ownership interest in the Bankruptcy Estate Interest Claim and the Freehold Properties; and

WHEREAS, based upon information and belief, Eduardo has passed away and Emily is the executor/executrix of Eduardo's estate; and

WHEREAS, based upon further information and belief, title to the Freehold Properties remaining titled Eduardo and Emily; and

**The South Street Freehold Property**

WHEREAS, on Schedule "A/B" to the Petition the Debtor also lists an ownership interest in the certain real property at 246 South Street, Freehold Township, New Jersey 07728 (the "South Street Freehold Property"). *See* Docket No. 1; and

WHEREAS, as reflected on Schedule "C" of the Petition the Debtor does not claim an exemption as to the South Street Freehold Property. *See* Docket No. 1.

WHEREAS, on November 19, 2020, the Bankruptcy Court entered an order approving the sale of the South Street Freehold Property (the "Sale Order"). *See* Docket No. 134; and

Debtor:         Antero B. Gonzales, Jr.

Case No.:       19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

WHEREAS, the Debtor did not file any timely opposition to the Trustee's motion to sell the South Street Freehold Property; and

## Possible Claims of the Estate under Section 727 of the Bankruptcy Code

WHEREAS, on November 11, 2020, the Trustee filed his motion to approve a second consent order extending the time for the Trustee and/or the United States Trustee to object to the Debtor's discharge (the "Motion to Extend"), pursuant to sections 105 and 727 of the Bankruptcy Code, and the Rule 4004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Trustee asserts, the Trustee's Motion to Extend contains a more complete background as to the issues and factual background of this case and is expressly incorporated herein for reference as to the Trustee's position. *See* Docket No. 133; and

WHEREAS, based upon information and belief, the Debtor denies some of the Trustee's assertions in this Stipulation and Consent Order and the possible allegations made against him in the Motion to Extend and opposes the sale of the Freehold Properties and/or the Bankruptcy Estate Interest Claim; and

WHEREAS, the Parties have reached a proposed agreement on the resolution of certain limited issues, including, the disposition of the Freehold Properties, the Bankruptcy Estate Interest Claim, the Debtor's exemptions, specifically the Debtor waives any and all exemptions as to the South Street Freehold Property, and potential claims under section 727 of the Bankruptcy Code; and

WHEREAS, following good faith negotiations, the Parties desire to settle this matter to avoid further costs of litigation on the terms set forth herein; and

(Page 6)

Debtor:          Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.      The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

2.      This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules.   In addition, any actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

3.      With the exception of paragraph no. 4 of this Stipulation and Consent Order, this Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4.      Effective as of the date this Stipulation and Consent Order is executed by all the Parties, the Debtor hereby waives any and all rights to object to this Stipulation and Consent Order and any pleading sought to approve the same.

5.      The Debtor shall pay to the Trustee the sum of $35,000 (the "Settlement Funds") by December 10, 2020 (the "Settlement Payment Deadline").   The Debtor shall make the Settlement Funds by issuing checks payable to *"John M. McDonnell, Trustee for Antero B. Gonzales, Jr."* and delivering it to the following address:

(Page 7)

Debtor:          Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue**
**Red Bank, New Jersey 07701**

6.      The Debtor shall have only ten (10) days from Settlement Payment Deadline to cure a failure to timely pay the Settlement Funds on or before the Settlement Payment Deadline, with notice to be sent via e-mail to counsel for the Debtor at pbroege@bnfsbankruptcy.com. If the Debtor fails to pay the Settlement Funds or cure default by paying the Settlement Funds by ten (10) days from Settlement Payment Deadline then the Debtor expressly consents to judgment in favor of the Trustee, with such judgment/relief including: (i) the Debtor consent to the sale of the Freehold Properties and/or the Bankruptcy Estate Interest Claim, and the Debtor further agrees to fully cooperate with the Trustee and/or the Trustee's professionals in the marketing and sale of the Freehold Properties and/or the Bankruptcy Estate Interest Claim; (ii) the Debtor consents to the payment of all fees and expenses, including legal fees, should the Trustee have to take any action to enforce this provision of this Stipulation and Consent Order; (iii) a judgment in the amount of $35,000 and the right of the trustee to file an adversary proceeding against the Debtor seeking a denial and/or revocation of the Debtor's discharge under section 727 of the Bankruptcy Code and/or any other provision of the Bankruptcy Code and/or applicable law on or before January 15, 2021.

7.      The express intent of the Trustee and the Debtor is that if the Debtor fails to pay the Settlement Funds, for any reason from ten (10) days from Settlement Payment Deadline then the Trustee may proceed with filing an adversary proceeding against the Debtor seeking judgment denying a discharge in his case and consents to the filing of such action seeking relief

(Page 8)

Debtor:           Antero B. Gonzales, Jr.

Case No.:         19-17585 (KCF)

Caption of Order:  Stipulation and Consent Order

---

sought in any pleading, order, and/or complaint the Trustee may file to secure the denial of the

Debtor's discharge under section 727 of the Bankruptcy Code and/or any other provision of the

Bankruptcy Code and/or applicable law provided such adversary proceeding is filed on or before

January 15, 2021 and the Debtor consents to judgment in the amount of $35,000.   The Trustee

will enforce this default provision of this Stipulation and Consent Order and the Trustee by filing

a certification of default seeking entry of an order granting the relief in this section in favor of

the Trustee with the Debtor waiving his rights to objection to such certification of default and/or

proposed order.

8.      The Debtor does hereby expressly and unconditionally waives any and all rights

and/or claims to, and/or any right to claim as exempt, any interest in the South Street Freehold

Property, the Settlement Funds, the Bankruptcy Estate Interest Claim, the Freehold Properties,

any proceeds derived from the sale therefrom, pursuant to any applicable law including, but not

limited to, sections 105 and 522 of the Bankruptcy Code and Federal Rule of Bankruptcy

Procedure 4003.

9.      The Debtor does hereby further expressly and unconditionally waives any and all

rights to file any amendments to Schedule "C" to the Petition to claim any new property and/or

assets (not previously claimed as exempt) as exempt under any applicable law, including, but not

limited to, sections 105 and/or 522 of the Bankruptcy Code and/or Bankruptcy Procedure 4003.

10.     The Debtor does hereby expressly and unconditionally waives any and all rights

and/or claims to, and/or any right to claim as exempt, the Settlement Funds, any proceeds

(Page 9)

Debtor:          Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

derived therefrom, pursuant to any applicable law including, but not limited to, sections 105 and 522 of the Bankruptcy Code and Bankruptcy Procedure 4003.

11.    The Debtor does hereby expressly and unconditionally waives any and all rights and/or claims to the Settlement Funds, any proceeds derived therefrom, pursuant to any applicable law including.

12.    The Trustee shall retain the Settlement Funds for the benefit of the estate's creditors. The Settlement Funds shall be deemed property of the estate.

13.    The Debtor hereby expressly notes his limited financial resources. The Debtor further notes he has had financial issues for at least four (4) year prior to the Petition Date.

14.    The Debtor consents to the sale of the South Street Freehold Property and agrees to cooperate in the sale process and adhere to the terms of the Sale Order.

15.    The Debtor does hereby warrant and represent that he has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Debtor has, had or may have against, the estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise or whether based on common law or any federal or state statute, rule or regulation whether suspected or unsuspected, or whether now or previously recognized to any other person.

(Page 10)

Debtor:           Antero B. Gonzales, Jr.

Case No.:         19-17585 (KCF)

Caption of Order:  Stipulation and Consent Order

---

16.    The Debtor hereby unconditionally and absolutely withdraws, dismisses, releases, waives, and forever discharge with prejudice, any scheduled claim, secured claim, administrative claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof and any other claim or cause of action of any type or nature, whether known and/or unknown, suspected and/or unsuspected, against the estate, the Settlement Funds, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and/or any claim that he is or may be entitled to under section 502 of the Bankruptcy Code and any and all such claims are hereby permanently, disallowed and irrevocably expunged.   The Debtor further waives any and all objections to the fee applications of the Trustee and/or Trustee's professionals.   The Debtor represents and warrants that he will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate.   The Debtor agrees that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, or any other action relating to any conduct by the estate, the Trustee, and/or the Trustee's professionals.

17.    Upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order, and the performance of all obligations under this Stipulation and Consent Order by the Debtor, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby releases and forever discharges, the Debtor, from any and all claims, demands, causes of

Debtor:           Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

action, obligations, damages, and liabilities of any nature whatsoever, whether known or unknown, that the Trustee, the Debtor's bankruptcy estate ever had or now have, or may claim to have at the present time, against the Debtor as it is related to the Freehold Properties, the Bankruptcy Estate Interest Claim and/or any potential claims and/or causes of action under section 727 of the Bankruptcy Code. Expressly excluded from this release are all claims relating to or arising out of the enforcement of any provision of this Stipulation and Consent Order. Moreover, this release by the Trustee will be void if the Debtor and/or an insider (as defined under section 101(31) of the Bankruptcy Code) asserts any claim and/or cause of action against the estate, the Trustee, and/or the Trustee's professionals.

18.    Upon entry of an order by Bankruptcy Court approving this Stipulation and Consent Order, the payment of the Settlement Funds and the clearing of all funds related to the same, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, for true consideration as noted herein, hereby abandons back all the estate's rights, titles, ownership, and interests in the Bankruptcy Estate Interest Claim to the Debtor.

19.    To the extent any transfer of interest by the estate in the Bankruptcy Estate Interest Claim and/or the Freehold Properties is considered a transfer of interest, property or otherwise to the Debtor, such transfer by the Trustee is essentially "as is, where is", with the Trustee making no warranties and/or representations of any kind as to the Freehold Properties and/or the Bankruptcy Estate Interest Claim. The Debtor also takes any such interest in the Freehold Properties and/or the Bankruptcy Estate Interest Claim, subject to all valid liens, claims, interests, and encumbrances.

(Page 12)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Stipulation and Consent Order |

20. The Debtor notes his continuing obligation to cooperate with the Trustee and his professionals.

21. ***This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may* have *against third parties and/or any parties not a signatory to this Stipulation and Consent Order.*** This settlement is limited to the resolution of the estate's interest in the Bankruptcy Estate Interest Claim and potential claims of the estate against the Debtor under section 727 of the Bankruptcy Code. The Trustee expressly reserves all other rights, claims and/or causes of action against the Debtor, with the Debtor reserving his respective defenses to any such claims.

22. Notwithstanding the foregoing, as it relates solely to the estate's interest in the Bankruptcy Estate Interest Claim, nothing contained herein should be viewed as a waiver of the estate's interest in any asset of the estate, pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and/or applicable law.

23. It is understood that this Stipulation and Consent Order embodies a limited compromise as to the estate's interest in the Bankruptcy Estate Interest Claim and potential claims the estate may have against the Debtor under section 727 of the Bankruptcy Code, and certain exemption issues, and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this

(Page 13)

Debtor:          Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

24.    With the exception of the default provision found in paragraph no. 6 of this Stipulation and Consent Order, each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order, and/or the disputes settled by this Stipulation and Consent Order.

25.    This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable federal law.

26.    The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

27.    No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

28.    The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

(Page 14)

Debtor:         Antero B. Gonzales, Jr.

Case No.:       19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

29.    This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto.  It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

30.    This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

31.    This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

32.    The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

33.    The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts.  Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

(Page 15)

Debtor:          Antero B. Gonzales, Jr.

Case No.:        19-17585 (KCF)

Caption of Order:   Stipulation and Consent Order

---

34.   The Parties hereto deem the within Stipulation and Consent Order as *res judicata* as to any issue resolved between them herein, and the terms set forth herein are specifically binding as to any subsequent state and/or federal court action.

35.   The Debtor acknowledges that his attorney advised him of the legal import and consequences of this Stipulation and Consent Order.

36.   This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

37.   A facsimile, electronic, and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures, electronic signatures, and/or PDF signatures.

*[The Remainder Of This Page Has Been Intentionally Left Blank]*

(Page 16)

Debtor:              Antero B. Gonzales, Jr.

Case No.:            19-17585 (KCF)

Caption of Order:    Stipulation and Consent Order

---

38.    The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF**, each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

MCDONNELL CROWLEY, LLC
*Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee for the estate of Antero B. Gonzales, Jr.*

By: _____

Name: BRIAN T. CROWLEY

Date: 12/9/2020

BROEGE NEUMANN FISCHER & SHAVER LLC
*Counsel for Debtor, Antero B. Gonzales, Jr.*

By: _____

Name: PETER J. BROEGE

Date: 12 . 8 . 20

ANTERO B. GONZALES, JR.
*The Debtor*

By: _____

Name: ANTERO B. GONZALES, JR.

Date: 12-8-20