**McDonnell Crowley, LLC**
115 Maple Avenue
Red Bank, NJ 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,*
*Chapter 7 Trustee*

Order Filed on January 19, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-17585 (KCF) |
| ANTERO B. GONZALES, JR., | Honorable Kathryn C. Ferguson |
| Debtor. | Chapter 7 |

### ORDER FIXING DEADLINE TO FILE CHAPTER 11 AND/OR CHAPTER 13 ADMINISTRATIVE EXPENSE CLAIMS AND/OR CHAPTER 11 AND/OR CHAPTER 13 PROFESSIONAL FEE APPLICATIONS; AND GRANTING RELATED RELIEF

The relief set forth on the following page numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: January 19, 2021**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Order Fixing Deadline to file Chapter 11 and/or Chapter 13 Administrative Expense Claims and/or Chapter 11 and/or Chapter 13 Professional Fee Applications; and granting related relief |

---

**THIS MATTER,** having been opened to the Court by John M. McDonnell, the chapter 7 trustee (the "Trustee") for the estate of Antero B. Gonzales, Jr.[1], the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, upon the filing of a Motion seeking entry of an order fixing a deadline to file any administrative expense claims and/or professional fee applications under chapter 11 and/or chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), pursuant to sections 105, 330, and 503 of the Bankruptcy Code and Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and D.N.J. LBR 2016-1, 2016-5, and 3001-1, and granting related relief; and the Court having reviewed the pleadings filed and objections thereto, if any; and good cause having been shown, it is hereby

**IT IS ORDERED** that the Motion is hereby granted; and it is further

**IT IS ORDERED** that all administrative fee expense claims pursuant to chapter 11 and/or chapter 13 of the Bankruptcy Code must be filed with the Court and served upon the Trustee no later than February 2, 2021 at 5:00 p.m. (E.S.T.) (the "Chapter 11/13 Administrative Bar Date"); and it is further

**ORDERED** that all fee applications under chapter 11 and/or chapter 13 of the Bankruptcy Code must be filed no later than the Chapter 11/13 Administrative Bar Date; and it is further

**ORDERED** the last day by which persons and/or entities may file proofs of Administrative Claims (defined below) for claims arising under sections 11 and/or 13 of the

---

[1] A/K/A I.M. Care of Brick and Freehold.

(Page 3)

Debtor:            Antero B. Gonzales, Jr.

Case No.:          19-17585 (KCF)

Caption of Order:  Order Fixing Deadline to file Chapter 11 and/or Chapter 13 Administrative Expense Claims and/or
                   Chapter 11 and/or Chapter 13 Professional Fee Applications; and granting related relief

---

Bankruptcy Code must be filed no later than the Chapter 11/13 Administrative Bar Date; and it is

further

     **ORDERED** for purposes of this Order, an "Administrative Claim" and/or

"Administrative Claims" is a "claim" as defined in section 101(5)) of the Bankruptcy Code for

payment of an administrative claim and/or expense and entitled to priority as set forth in sections

503 and 507 of the Bankruptcy Code that arose in the Debtor's previous chapter 11 and/or

chapter 13 bankruptcy cases; and it is further

     **ORDERED** all entities, including, without limitation, professionals, individuals,

partnerships, corporations, joint ventures, estates, and/or trusts (each, a "Person" and

collectively, "Persons"), holding Administrative Claims must file proof of such claims on and/or

before the Chapter 11/13 Administrative Bar Date.  Any Person that fails to file such claim

request on and/or before the Chapter 11/13 Administrative Bar Date shall be forever barred,

estopped and/or enjoined from filing and/or otherwise asserting such Administrative Claim

against the Debtor's estate at any time after the Chapter 11/13 Administrative Bar Date.  In

addition: (a) any tardy and/or otherwise improperly filed Administrative Claim shall not be

effective against the Debtor, the Debtor's assets, and/or the Debtor's estate; (b) the estate shall be

discharged from any indebtedness and/or liability on account of any tardy and/or otherwise

improperly filed Administrative Claims; and (c) Persons asserting any tardy and/or otherwise

improperly filed Administrative Claims shall not, on account of such claims, be entitled to

distributions, if any, from the estate's assets; and it is further

(Page 4)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Order Fixing Deadline to file Chapter 11 and/or Chapter 13 Administrative Expense Claims and/or Chapter 11 and/or Chapter 13 Professional Fee Applications; and granting related relief |

---

**ORDERED** to be deemed properly filed, such claim and/or fee application must be filed with the Clerk of the Bankruptcy Court so as to be actually received on or before the Chapter 11/13 Administrative Bar Date. In addition, any documents supporting and/or evidencing an Administrative Claim should be attached to such claim and/or fee application. Failure to attach such supporting documents may form the basis of an objection and/or disallowance of such Administrative Claim; and it is further

**ORDERED** the establishment of the Chapter 11/13 Administrative Bar Date shall not have any effect on the General Bar Date, and/or be deemed to have extended and/or otherwise affected any other deadlines for filing claims that have been established in this chapter 7 case; and it is further

**ORDERED** the establishment of the Chapter 11/13 Administrative Bar Date shall also not have any effect on any claims, commissions, expenses, and/or professional fee applications arising under chapter 7 of the Bankruptcy Code. It recognized the Trustee and/or his professionals will file their respective fee applications after the Chapter 11/13 Administrative Bar Date and such fees, commissions, claims, and/or expenses shall not be deemed untimely for not filing such claims/fee applications on and/or before the Chapter 11/13 Administrative Bar Date. Such claims, commissions, expenses, and/or professional fee applications arising under chapter 7 of the Bankruptcy Code remain subject to approval of the Court; and it is further

**ORDERED** that this order is without prejudice to the Trustee's rights to object to any administrative expense claims and/or professional fee applications under chapter 11 and/or

(Page 5)

| | |
|---|---|
| Debtor: | Antero B. Gonzales, Jr. |
| Case No.: | 19-17585 (KCF) |
| Caption of Order: | Order Fixing Deadline to file Chapter 11 and/or Chapter 13 Administrative Expense Claims and/or Chapter 11 and/or Chapter 13 Professional Fee Applications; and granting related relief |

---

chapter 13 of the Bankruptcy Code and/or the Administrative Claim in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedures.  Nothing contained in the Motion and/or this Order shall preclude the Trustee from independently objecting to and/or otherwise contesting any filed Administrative Claim on any ground and/or operate as a waiver of any of their respective legal rights and/or remedies; and it is further

**ORDERED** that the United States Bankruptcy Court for the District of New Jersey shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

United States Bankruptcy Court

District of New Jersey

In re:                                                                           Case No. 19-17585-KCF

Antero B. Gonzales, Jr.                                                          Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-3 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jan 20, 2021 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 22, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Antero B. Gonzales, Jr., 30 Mayberry Drive, Tinton Falls, NJ 07724-9739 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 22, 2021                    Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 20, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Thomas Crowley | on behalf of Trustee John Michael McDonnell bcrowley@mchfirm.com  bcrowley@mcdonnellcrowley.com |
| Denise E. Carlon | on behalf of Creditor MTGLQ Investors  LP dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Eamonn O'Hagan | on behalf of Creditor United States of America (Internal Revenue Service) eamonn.ohagan@usdoj.gov |
| John Michael McDonnell | jmcdonnell@mchfirm.com  NJ95@ecfcbis.com,bcrowley@mchfirm.com |
| John Michael McDonnell | on behalf of Trustee John Michael McDonnell jmcdonnell@mchfirm.com  NJ95@ecfcbis.com,bcrowley@mchfirm.com |
| Kyle Francis Eingorn | on behalf of Creditor National Loan Investors  LP keingorn@dbblegal.com |

Margaret Mcgee

on behalf of U.S. Trustee U.S. Trustee maggie.mcgee@usdoj.gov

Peter Broege

on behalf of Debtor Antero B. Gonzales  Jr. pbroege@bnfsbankruptcy.com, G1580@notify.cincompass.com

Rebecca Ann Solarz

on behalf of Creditor MTGLQ Investors  LP rsolarz@kmllawgroup.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

United States Trustee

USTPRegion03.NE.ECF@usdoj.gov

Valerie A. Hamilton

on behalf of Creditor New Jersey Division of Taxation Valerie.Hamilton@law.njoag.gov

Valerie A. Hamilton

on behalf of Creditor New Jersey Department of Labor  Division of Employer Accounts, Bankruptcy Unit
Valerie.Hamilton@law.njoag.gov


TOTAL: 13